# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### CIVIL ACTION NO.: 3:18-cv-00633

| | |
|---|---|
| **YVETTE MARSHALL, on behalf of herself and all others similarly situated,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) **CLASS AND COLLECTIVE**<br>) **ACTION COMPLAINT**<br>) |
| **NOVANT HEALTH, INC.,** | )<br>) **JURY TRIAL DEMANDED** |
| **Defendant.** | )<br>) |

Representative Plaintiff, Yvette Marshall ("Representative Plaintiff"), individually and on behalf of all other similarly-situated employees, by and through her counsel, brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, (the "FLSA") and class action under Federal Rule of Civil Procedure 23 and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.* against Novant Health, Inc., ("Novant" or "Defendant") and its subsidiaries and affiliates, and alleges, upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

## NATURE OF ACTION

1. Plaintiff brings this action to redress Defendant's violation of the FLSA by knowingly suffering or permitting Representative Plaintiff and other similarly situated medical workers (collectively "Plaintiffs") to work in excess of 40 hours per week without properly compensating them at an overtime rate for those additional hours, and by knowingly suffering or permitting Plaintiffs to work during their purported meal break without pay. Representative Plaintiff also brings this action to redress Defendant's violation of the NCWHA by knowingly and

intentionally failing to pay Representative Plaintiff and putative class members all wages accruing to them on their regular paydays. Representative Plaintiff and similarly situated medical workers worked for Defendant as hourly-paid Registered Nurses ("RNs"), Licensed Practical Nurses ("LPNs"), Certified Nursing Assistants ("CNAs"), Registered Medical Assistants ("RMAs"), Certified Medical Assistants ("CMAs"), Radiology Technicians, and other similar positions, regardless of their precise titles (collectively, "medical workers" or "Plaintiffs").

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction." The Representative Plaintiff has signed an opt-in consent form to join this lawsuit. (Exhibit A).

3. This Court has jurisdiction over Representative Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 because Representative Plaintiff's claims arise under the FLSA.

4. This Court has supplemental jurisdiction over Representative Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), because Defendant conducts business within this District and the actions and omissions giving rise to the claims pled in this Complaint occurred within this District.

## PARTIES

6. Representative Plaintiff, Yvette Marshall, is a resident of Concord, North Carolina, and works for Defendant as an hourly paid, non-exempt Registered Nurse at their Urgent Care center located at 9550 Rocky River Road, Suite 150, Charlotte, North Carolina 28215.

7. Defendant is a corporation existing under the laws of the State of North Carolina with its principal place of business located in Winston Salem, North Carolina. Defendant is

2
Case 3:18-cv-00633-MOC-DCK   Document 1   Filed 11/26/18   Page 2 of 19

registered to conduct business in North Carolina and has business locations throughout the United States, including Charlotte, North Carolina. Defendant is a healthcare provider with 14 hospitals and 500 Physician clinic locations, offering services in emergency, urgent and express care, behavioral health, inpatient services, pediatric care, primary care, women's health, and more.

8. At all times herein mentioned, Defendant was an employer of Representative Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NCWHA and was actively engaged in the conduct described herein. Throughout the relevant period, Defendant employed Representative Plaintiff and similarly-situated employees within the meaning of the FLSA.

9. Defendant is covered by the provisions of the FLSA because it is an "enterprise engaged in commerce" under the FLSA, 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce and revenue that exceeds $500,000.00.

## FACTS

10. Defendant, a large health system operating in North Carolina, Virginia, Georgia, and South Carolina, owns and operates 14 hospitals and more than 500 Physician clinic locations, including outpatient surgery centers, medical plazas, rehabilitation programs, diagnostic imaging centers, and community health outreach programs.

11. Plaintiffs are individuals who have worked for Defendant as hourly-paid medical workers. As an RN, Representative Plaintiff provided and assisted in the medical treatment of patients.

12. Amongst other things, medical workers all shared similar job titles, training, job descriptions and job tasks. Importantly, medical workers were all paid less than time and one half (1½) their hourly rate of pay for all time worked over 40 hours per week.

13. Representative Plaintiff began working for Defendant in November 2017, at its Rocky River Urgent Care Location.

14. Medical workers were all compensated on an hourly basis. Representative Plaintiff was initially paid approximately $28.70 an hour, and then $30.99 following a raise in early 2018. When Representative Plaintiff worked overtime, she was compensated at insufficient and unlawful rates paying her anywhere from $0.70 to $1.10 in addition to her regular rate of pay. Representative Plaintiff was told that Defendant did not pay overtime as a matter of policy because Defendant needed to keep its costs under budget.

15. Despite the fact that Representative Plaintiff and other similarly situated medical workers did not meet any test for exemption, Defendant failed to pay her and others the requisite overtime rate of 1½ times their regular rate for all hours worked more than 40 hours per week ("Overtime Hours").

## Medical workers Routinely Worked Overtime Hours Without Being Paid Overtime Premium Compensation

16. Representative Plaintiff and other similarly situated medical workers routinely worked Overtime Hours but were not paid the correct overtime premium compensation of time and one half (1½) required by the FLSA.

17. Representative Plaintiff and other similarly situated medical workers often worked multiple shifts each week without taking meal breaks. Representative Plaintiff and other similarly situated medical workers frequently worked more than their scheduled shifts, especially during busy periods or when there were shortages on a shift.

18. Despite the fact that Representative Plaintiff and other similarly situated medical workers were required, permitted, and/or encouraged to work Overtime Hours, Defendant Novant failed to pay them one and one half (1½) times their regular rate of pay for all Overtime Hours worked, as required by the FLSA.

19. Rather, Representative Plaintiff and other similarly situated medical workers were paid unlawful rates, all of which were significantly less than time and one half (1½) their regular rate of pay.

20. Defendant knew, and was aware at all times, of the above-mentioned violations.

21. The conduct alleged above reduced Defendant's labor and payroll costs.

22. Representative Plaintiff and other similarly situated medical workers were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Representative Plaintiff and other similarly situated medical workers in accordance with the requirements of the FLSA, Representative Plaintiff and other similarly situated medical workers suffered lost wages and other related damages.

**Defendants Made Automatic Deductions for Meal Breaks, Including Those Not Taken,**

23. Defendant maintains a written policy promising medical workers one 30-minute unpaid meal break and one 15-minute personal break per shift, to be taken when time allows. Defendant was obligated to ensure either that medical workers were completely relieved from all work-related duties during their unpaid meal break, or that they accurately tracked and recorded both their missed and interrupted meal breaks and received all wages due for all missed and interrupted meal breaks.

24. Defendant requires medical workers to prioritize their work-related responsibilities over their entitlement to an uninterrupted meal break.

25. Defendant does not require medical workers to "clock-out" before starting their meal break and "clock-in" after their meal break. Rather, Defendant automatically deducts a 30-minute break every shift, regardless of whether a break was actually taken.

26. Defendant does not maintain adequate staffing levels or provide dedicated relief workers to ensure medical workers are completely relieved from work-related duties during their entire unpaid meal break.

27. While Defendant has a system capable of allowing medical workers to track or report their interrupted or unused meal breaks, Defendant requires Representative Plaintiff and other similarly situated medical workers to forgo this procedure in order to keep the Defendant within its annual budget. Representative Plaintiff is actively discouraged from tracking or reporting her interrupted or unused meal break.

28. Defendant knows that Representative Plaintiff and other similarly situated medical workers regularly experience interrupted meal breaks because: Defendant maintains policies, practices and procedures that require medical workers to prioritize their patient care duties over their ability to take an uninterrupted meal break; Defendant has ready access to staffing, patient census and patient acuity information suggesting medical workers are regularly unable to take a full meal break; Defendant's managers assign, oversee, or are responsible for the work Medical workers do during meal breaks; medical workers routinely perform meal break work in plain sight on Defendant's premises; and medical workers perform work (like administering medication, completing electronic forms, or making CAT scans) that creates a readily-available time record during meal periods.

29. Despite having both actual and constructive knowledge that medical workers routinely work through meal breaks, Defendant has continued to direct its employees to forgo accurately tracking their unused and interrupted meal breaks.

30. By engaging in this conduct, Defendant has acted with willful and/or reckless disregard for the Representative Plaintiff and other similarly situated medical workers' rights under the FLSA.

6

31. Plaintiffs have been harmed as a direct and proximate result of Defendant's unlawful conduct, because Defendant regularly and consistently deprives Representative Plaintiff and other similarly situated medical workers of overtime wages owed for meal break work they perform in workweeks of 40 hours or more.

32. For all the reasons stated above, Representative Plaintiff and other similarly situated medical workers are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

### Defendant Willfully Violated the FLSA

33. Defendant has no legitimate basis to believe the Representative Plaintiff and other similarly situated medical workers were exempt from the overtime requirements of the FLSA Instead, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay medical workers overtime compensation for all Overtime Hours worked. Defendant's willful actions and/or willful failures to act, included, but were not necessarily limited to:

   a. Defendant maintained payroll records which reflected that Representative Plaintiff and other similarly situated medical workers did, in fact, regularly work Overtime Hours and therefore, Defendant had actual knowledge that the Representative Plaintiff and other similarly situated medical workers worked overtime;

   b. Defendant knew that it did not pay medical workers one and one half (1½) times their regular rate of pay for all Overtime Hours worked;

   c. Defendant maintained time sheets which reflected that it automatically deducted meal breaks from Representative Plaintiff and other similarly situated medical workers. Defendant was also aware that medical workers frequently and routinely worked through their meal breaks;

d. Defendant's own documents, including but not necessarily limited to, job offer letters, employment agreements, and training materials for medical workers, reflect that Defendant was aware of the nature of the work performed by Representative Plaintiff and other similarly situated medical workers, and, in particular, that these individuals worked more than forty hours per week and routinely performed work during their meal break.

e. Defendant's own documents, including but not necessarily limited to, job offer letters, employment agreements, and training materials for medical workers, reflect that Defendant knew that they were subjected to the wage requirements of the FLSA;

f. Defendant lacked any good-faith basis to believe that the medical workers fell within any exemption from the overtime requirements of the FLSA; and

g. Defendant was aware that it would (and did) benefit financially by failing to pay medical workers overtime premium pay for all Overtime Hours worked and all meal breaks that medical workers worked through, reducing labor and payroll costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34. Representative Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendant's violation of the FLSA.

35. The Representative Plaintiff pursues the requested relief on behalf of the following individuals:

> **All individuals who currently work, or have worked, for the Defendant as an hourly paid medical worker or any other similarly-titled, hourly-paid position, at any time within the preceding 3-years from the date of filing the complaint.**

36. The Representative Plaintiff is a member of the Class she seeks to represent because she was employed by Defendant during the relevant period, was routinely suffered or permitted to work more than 40 hours per week, as described above, and was not paid an overtime premium rate for the time she worked over 40 hours per week.

37. Specifically, Defendant engaged in common schemes to avoid paying Representative Plaintiff and other similarly situated medical workers overtime pay of time and one half (1½) when they worked in excess of 40 hours per week, even though Plaintiffs did not satisfy the necessary conditions exempting them from overtime.

38. Additionally, Representative Plaintiff was routinely suffered or permitted to work through her automatically deducted meal break without being properly compensated for the time she worked.

39. Although Representative Plaintiff and other similarly situated medical workers may have had different job titles and/or worked in different locations throughout the relevant period, this action may be properly maintained as a collective because:

   a. Representative Plaintiff and other similarly situated medical workers were all paid an hourly rate;

   b. Representative Plaintiff and other similarly situated medical workers worked in excess of 40 hours per week;

   c. Regardless of their job title or location, Defendant did not pay Representative Plaintiff and other similarly situated medical workers an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

d. Representative Plaintiff and other similarly situated medical workers were routinely suffered or permitted to work through their automatically deducted meal break,

e. Defendant maintained common timekeeping and payroll systems and policies with respect to Representative Plaintiff and other similarly situated medical workers, regardless of their job title or location.

40. Defendant encouraged, suffered and permitted Representative Plaintiff and other similarly situated medical workers to work more than forty (40) hours per week without proper overtime compensation.

41. Defendant encouraged, suffered and permitted Representative Plaintiff and other similarly situated medical workers to work through their automatically deducted meal break without proper compensation.

42. Defendant knew Representative Plaintiff and other similarly situated medical workers performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as previously described, to deprive Representative Plaintiff and other similarly situated medical workers of wages and overtime compensation.

43. Defendant's conduct as alleged herein was willful and has caused extensive damage to the Representative Plaintiff and other similarly situated medical workers.

44. Defendant is liable under the FLSA for failing to properly compensate Representative Plaintiff and the collective. Representative Plaintiff requests that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of

seeking unpaid overtime compensation, liquidated damages under FLSA, and the other relief requested herein.

45. Representative Plaintiff estimates that the collective class, including both current and former employees over the relevant period, will include at least one hundred (100) members. The precise number of collective Class Members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from the Class Members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the collective class, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

## NCWHA CLASS ALLEGATIONS

46. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), Representative Plaintiff brings claims for relief on her own behalf and as a representative a class under the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq.*, to recover unpaid wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the NCWHA.

47. Representative Plaintiff seeks class certification under Rule 23 for the following class under the NCWHA:

> **All individuals who currently work, or have worked, for the Defendant as an hourly paid medical worker or any other similarly-titled, hourly-paid position in the state of North Carolina during the applicable statute of limitations period who were not timely paid all earned wages on their regular paydays (the "NCWHA Class").**

48. This action is properly maintained as a class action under Rule 23(a) and Rule 23(b) because:

    a. The NCWHA Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact that are common to the NCWHA Class;

c. The claims or defenses of the Representative Plaintiff are typical of the claims or defenses of the NCWHA Class; and,

d. The Representative Plaintiff will fairly and adequately protect the interests of the NCWHA Class.

### Numerosity

49. Upon information and belief, Representative Plaintiff estimates that there are at least (40) putative class members in the NCWHA Class. The precise number of NCWHA Class members can be easily ascertained using Defendant's personnel, time, and payroll records and other records.

### Commonality

50. There are numerous and substantial questions of law and fact common to the NCWHA Class members, including, without limitation, the following:

a. Whether Defendant failed to pay the NCWHA Class all earned accrued wages on their regular paydays;

b. Whether Defendant maintained common timekeeping and payroll systems and policies with respect to the NCWHA Class, regardless of their work location;

c. Whether Defendant failed to keep true and accurate records of the amount of time the NCWHA Class actually worked;

d. Whether Defendant willfully or recklessly disregarded the law in implementing its wage and hour policies applicable to the NCWHA Class; and,

e. The nature and extent of the class-wide injury and the appropriate measure of damages for the NCWHA Class.

51. Representative Plaintiff anticipates that Defendant will raise defenses that are common to the NCWHA Class.

### Adequacy

52. Representative Plaintiff will fairly and adequately protect the interests of all

members of the NCWHA Class, and there are no known conflicts of interest between Representative Plaintiff and NCWHA Class members. Representative Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically in wage and hour litigation.

### Typicality

53. The claims asserted by the Representative Plaintiff are typical of the NCWHA Class members she seeks to represent. The Representative Plaintiff has the same interests and suffers as a result of the same unlawful practices as the NCWHA Class members.

54. Upon information and belief, there are no other NCWHA Class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can opt out of this action pursuant to Rule 23.

### Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits

55. The common questions identified above predominate over any individual issues because Defendant's conduct and the impact of its policies and practices affected NCWHA Class members in the same manner: they were suffered and/or permitted to work without receiving all earned wages on their regular paydays.

56. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis,

the expense and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

57. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

## COUNT I

**COLLECTIVE ACTION VIOLATION OF THE FAIR LABOR STANDARDS ACT**

58. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

59. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

60. Representative Plaintiff and the members of the FLSA Collective are similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 216(b).

61. Section 207(a)(1) of the FLSA states that an employee must be paid an overtime rate equal to at least one and one-half times the employee's regular rate of pay for all hours worked in excess of 40 hours per week.

62. The FLSA does not specifically define the term "work", but the Department of

Labor has promulgated regulations containing "Principles for Determination of Hours Worked" to inform this issue. *See* 29 C.F.R. §§ 785.11-785.13. These Principles plainly state that any work an employer "suffers or permits" to be performed at the job site (like Representative Plaintiff's meal break work) must be counted as hours worked when the employer "knows or has reason to believe" the work is being performed. *Id.*

63. Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Representative Plaintiff and members of the FLSA Collective to work overtime hours without paying them proper overtime compensation.

64. Throughout the relevant period, Representative Plaintiff and members of the FLSA Collective worked in excess of 40 hours per week, but were not paid an overtime premium of one and one-half times their regular hourly rate for those additional hours.

65. Representative Plaintiff and members of the FLSA Collective are not properly classified as exempt.

66. Throughout the relevant period, Defendant expected Plaintiffs and the Class members to be available to work during their promised meal break and after completion of their assigned shift for work-related tasks.

67. Defendant's violations of the FLSA, as described herein, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to the compensation of Representative Plaintiff and members of the FLSA Collective.

68. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

69. Representative Plaintiff and members of the FLSA Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant

derived a direct and substantial benefit.

70. As a result of the unlawful acts of Defendant, Representative Plaintiff and members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II

**CLASS ACTION VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT**

71. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

72. Representative Plaintiff is a member of the NCWHA Class, which meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

73. It is unlawful under North Carolina law for an employer to require or permit an employee to work without paying compensation for all hours worked in violation of N.C. Gen. Stat. § 95-25.6.

74. Defendant failed to pay Representative Plaintiff and the NCWHA Class members all accrued wages on the employees' regular paydays for all hours worked.

75. Defendant's conduct constitutes a willful violation of the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq*., including but not limited to N.C. Gen. Stat. § 95-25.6 and § 95-25.7.

76. Representative Plaintiff and the NCWHA Class members have sustained losses in compensation as a proximate result of Defendant's violations of the NCWHA. Accordingly, Representative Plaintiff, on behalf of herself and the NCWHA Class members, seeks damages in the amount of their unpaid earned compensation, plus liquidated damages and interest at the legal rate set for in N.C. Gen. Stat. § 95-25.22(a) and (a)(1).

77. Representative Plaintiff, on behalf of herself and NCWHA Class members, seeks

16

Case 3:18-cv-00633-MOC-DCK   Document 1   Filed 11/26/18   Page 16 of 19

recovery of her attorneys' fees and costs, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22.

## **PRAYER FOR RELIEF**

WHEREFORE, Representative Plaintiff Yvette Marshall, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against the Defendant and in favor of Representative Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

    a.    Certify a collective action of the FLSA Collective under Count I and designate Representative Plaintiff as the representative of all those employees similarly situated;

    b.    Order Defendant to furnish to counsel a list of all names, telephone numbers, email addresses and current (or best known) home addresses of the members of the proposed FLSA Collective;

    c.    Authorize Representative Plaintiff's counsel to issue notice at the earliest possible time informing the members of the FLSA Collective that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of proper overtime compensation, as required by the FLSA;

    d.    Certify a class action of the NCWHA Class under Count II;

    e.    Appoint Stephan Zouras, LLP and Gibbons Leis, LLC as counsel for the NCWHA Class under Rule 23(g);

    f.    Declare and find that Defendant committed one or more of the following acts:

        i.    Violated the FLSA by failing to pay proper overtime and meal break wages to Representative Plaintiff and similarly situated persons who opt-in to this action;

        ii.    Violated payday provisions of the NCWHA by failing to timely pay all earned wages to Representative Plaintiff and NCWHA Class members on their regular paydays and upon separation of employment;

        iii.    Willfully violated provisions of the FLSA and NCWHA

    g.    Award compensatory damages in an amount according to proof under the

FLSA and NCWHA;

h.     Award Representative Plaintiff and all those similarly situated pre- and post-judgment interest at the statutory rate as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a), and pursuant to the FLSA;

i.     Award liquidated damages in an amount equal to the amount of unpaid compensation found due under the FLSA and NCWHA;

j.     Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and NCWHA;

k.     Grant leave to amend to add claims under applicable state and federal laws;

l.     Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

m.     For such further relief as the Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Representative Plaintiff demands a trial by jury.

Dated: November 26, 2018          Respectfully Submitted,

/s/ *Philip J. Gibbons, Jr.*
Philip J. Gibbons, Jr.
North Carolina Bar No. 50276
Craig L. Leis
North Carolina Bar No. 48582
14045 Ballantyne Corporate Place, Suite 325
Charlotte, NC 28277
(704) 612 0038
phil@gibbonsleis.com
craig@gibbonsleis.com

*/s/ Ryan F. Stephan* (*pro hac vice forthcoming*)
James B. Zouras (*pro hac vice forthcoming*)
Catherine T. Mitchell (*pro hac vice forthcoming*)
**STEPHAN ZOURAS, LLP**
100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
(312) 233 1550

rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com